No. 1639. Wright *v.* Mars. April Term, 1884. In action commenced January 12, 1882, on promissory note which fell due August 6–9, 1861, against the executor of the maker (who died in December, 1861), there was evidence of an admission made to plaintiff by the executor in 1881, which was relied upon as a new

promise. WITHERSPOON, J., in the language of the Brief, "charged the jury that if they found that such new promise had been made, it was sufficient to remove the bar of the statute if made within four years prior to the commencement of this action; and if they did not so find, the bar of the statute was complete." He also charged the jury "upon the nature and effect of the plea of the presumption of payment arising from the lapse of time." He refused plaintiff's request to charge: "That the plea of presumption of payment is not applicable to this case, and, if it were, the same promise necessary to remove the bar of the statute would remove the bar of the presumption of payment." Verdict for defendant, and plaintiff appealed alleging error in this refusal to charge.

*Held,* that the presumption of payment is applicable as well to cases in which a bar is prescribed by the statute of limitations as to other cases, and therefore there was no error in refusing the first clause of the request; that the second clause of the request states a correct principle of law, but the judge was not bound to separate it from the incorrect principle with which it was connected in this request. Moreover, under the charge of the judge, the jury must have found that there was no new promise, and therefore the refusal of the judge was immaterial. Judgment affirmed. OPINION by MR. CHIEF JUSTICE SIMPSON, January 10, 1885. *G. S. Mower*, for appellant. *Moorman & Simkins*, contra.